IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ASADULLAH HAROON "AL AFGHANI" GUL, DETAINEE AT GUANTANAMO BAY, CUBA<br><br>              Petitioner,<br><br>    v.<br><br>DONALD J. TRUMP, *et al.*,<br><br>             Respondents. | No. 1:16-cv-01462-APM |

## JOINT STATUS REPORT ON PETITIONER'S MOTION FOR DISCOVERY

Pursuant to this Court's Order dated April 12, 2017 (ECF No. 32), Petitioner filed his motion for discovery on May 12, 2017 along with eight Requests for Production, and Respondents filed their opposition on June 9, 2017. In this opposition, Respondents explained that they had searched the reasonably available evidence for many of the types of information requested, and either produced them or would have produced them had they been found during their searches. It appeared that the scope of the dispute could be narrowed considerably, if not entirely, and accordingly Petitioner requested and Respondents agreed to a one-week extension of time for Petitioner to file his reply in support of his motion for discovery. The Court entered a Minute Order granting Petitioner's motion for this extension on June 26, 2017.

The Parties are pleased to report that they have resolved any dispute regarding the first six discovery requests, and have agreed to postpone the last two until such time as Petitioner himself is able to read the factual return and supporting documents. Specifically, the Parties have agreed as follows:

1. With respect to Request No. 1, Petitioner accepts Respondents' representation that they have produced in this case, from the reasonably available universe of information, all forms of the statements on which they rely, as well as information regarding the circumstances in which those statements were made (as provided for in Section I.E.1 of the Case Management Order entered by Judge Hogan in Misc. No. 08-0442[1]), and all exculpatory statements by Petitioner (as defined in Section I.D.1 of the same order), subject to the caveat contained in Respondents' June 9, 2017 Opposition to Petitioner's Motion for Discovery (at 3, n.2, 10 n.4). Petitioner further accepts Respondents' representation that they did not find in their searches any recordings, transcripts, or other records in which Petitioner's statements on which they rely were recorded verbatim.

2. With respect to Request No. 2, Petitioner accepts Respondents' representation that they have produced in this case, to the extent it existed, any information regarding any abuse of Petitioner or relating to his allegations of abuse that they located in the reasonably available universe of information, as well as Respondents' representation that they will produce any such information that they later discover.

3. With respect to Request No. 3, Petitioner accepts Respondents' offer to produce all medical records in Petitioner's medical file at the Guantanamo Bay detention facility from the time of Petitioner's capture in 2007 through 2009, and that such production will satisfy Request No. 3.

4. With respect to Request No. 4, Petitioner accepts Respondents' representation that they do not intend to rely in this case on the CSRT's determination regarding a lack

---

[1] *See* Order (Nov. 6, 2008), 08-mc-0442-TFH, ECF No. 940, as amended by Order (Dec. 16, 2008), 08-mc-0442-TFH, ECF No. 1315 (collectively referred to as the "Amended CMO").

of coercion relating to Petitioner's statements on which they rely. Respondents represent that any such evidence of coercion, to the extent it existed, would be produced in accordance with their obligations to produce exculpatory evidence under Section I.D of the Amended CMO. Petitioner accepts these representations in satisfaction of Request No. 4.

5. With respect to Request No. 5, Petitioner accepts Respondents' representation that they have produced in this case, to the extent it existed and was located in the reasonably available universe of information, any information reflecting that the witnesses on whose statements they rely received incentives or inducements to provide information about Petitioner. Petitioner also accepts Respondents' representation that every document concerning a given witness is not organized in the reasonably available universe of information in a single file or folder. Petitioner accepts these representations in satisfaction of Request No. 5.

6. With respect to Request No. 6, Respondents informed Petitioner that to their knowledge no detainee alleged to have been a member of Hezb-e-Islami Gulbuddin ("HIG") has been released because of a determination that such individual could not be lawfully detained after the armistice entered into by HIG in September 2016. Petitioner accepts this information in satisfaction of Request No. 6.

7. Request No. 7 sought exculpatory evidence relating to linguists who translated any allegedly inculpatory statements made by Mr. Gul and which serve as the basis for detention. The Parties have agreed to meet and confer regarding this Request once Mr. Gul has had an opportunity to review the unclassified factual return and the

supporting documents, at which time Petitioner will be able to identify with more specificity which statements appear to have been mistranslated.

8. Request No. 8 sought exculpatory evidence and information relating to witnesses on whose statements Respondents rely. The Parties have agreed to meet and confer regarding this Request once Mr. Gul has had an opportunity to review the unclassified factual return and the supporting documents, at which time Petitioner expects to be able to narrow this Request.

Accordingly the Parties request that the Court dismiss as moot the Petitioner's Motion for Discovery with respect to Request Nos. 1 through 6 and adjourn such motion with respect to Request Nos. 7 and 8 until such time as Petitioner has had an opportunity to review the Third Supplemental Factual Return and supporting documents. This disclosure is scheduled for September 22, 2017. Respondents have provided instructions to Petitioner's counsel for facilitating the delivery of the unclassified factual returns that may be reviewed by Petitioner (designated as "Releasable to ISN 3148. Not Releasable to Public") either during or outside of a scheduled legal visit. Counsel for Petitioner proposes to file a status report with the Court when it has delivered such version of the Third Supplemental Factual Return to Petitioner to inform the Court of counsel's anticipated timeline for resolving Request Nos. 7 and 8.

Dated:  June 30, 2017

Respectfully submitted,

/s/ Tara J. Plochocki
**LEWIS BAACH KAUFMANN MIDDLEMISS PLLC**
Eric L. Lewis (D.C. Bar #394643)
Tara J. Plochocki (D.C. Bar #989404)
1899 Pennsylvania Avenue, NW, Suite 600
Washington, DC 20006

(202) 833-8900
*eric.lewis@lbkmlaw.com*
*tara.plochocki@lbkmlaw.com*

**REPRIEVE**
Shelby Sullivan-Bennis (NY Bar #5364278)
P.O. Box 72054
London EC3P 3BZ
United Kingdom
+11 44 207 553 8140
*shelby.sullivan-bennis@reprieve.org*

*Counsel for Petitioner*


CHAD A. READLER
Acting Assistant Attorney General

TERRY M. HENRY
Assistant Branch Director

*/s/ Kathryn C. Davis*
JULIA A. BERMAN (DC Bar No. 986228)
KATHRYN C. DAVIS (DC Bar No. 985055)
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, D.C.  20530
Tel:    (202) 616-8298
Fax:    (202) 616-8460
Email: Kathryn.C.Davis@usdoj.gov

*Counsel for Respondents*