## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ASADULLAH HAROON "AL AFGHANI" GUL, DETAINEE AT GUANTANAMO BAY, CUBA<br><br>                Petitioner,<br><br>v.<br><br>DONALD J. TRUMP, *et al.*,<br><br>                Respondents. | **No. 1:16-cv-01462** |

### JOINT STATUS REPORT AND MOTION TO ADJOURN STATUS CONFERENCE

1.　　The parties file this status report per the Court's October 23, 2017 order to inform the Court by December 21, 2017 where the parties stood on resolving disputes over Discovery Request Nos. 7 and 8.  The disputes remain unresolved for reasons outside of the control of Mr. Gul or his counsel.  The representations herein relating to petitioner's counsel's meeting in Guantánamo are based solely on information provided by counsel for petitioner, and are not adopted by the government.  The parties are in agreement that further investigation into the incident described below is required, and they intend to cooperate to remove impediments to the progress of this case.

2.　　Counsel for Mr. Gul traveled to Guantánamo to meet with him on November 30, 2017.  In preparation for this meeting, pro bono counsel read, analyzed, and compiled information from the publicly-available factual returns— amounting to several hundred pages — into a detailed spreadsheet to be used during the meeting with Mr. Gul.  This document contained allegations, relevant dates, sources, affiliations, exhibit numbers, names, and other

information and was to serve as an efficient guide to the factual returns which Mr. Gul has been struggling with, both on his own and in past meetings with counsel.

3.      While in Guantánamo, and before her meeting with Mr. Gul, counsel submitted the spreadsheet to the Privilege Review Team ("PRT") for inspection, as is required for any documents to be shared with a detainee.

4.      The PRT informed counsel that she could not bring the document into her meeting with Mr. Gul because it was classified.  Counsel explained that the document was compiled based on publicly available information, and that she needed it for her meeting, but this did not change the PRT's determination that the attorney work product was classified in its entirety and must be destroyed.  The PRT declined to identify any particular pieces of information that supported their determination, and instead cited the "doctrine of compilation."

5.      Because the PRT deemed the spreadsheet classified and took it from her, counsel was unable to effectively work with petitioner to narrow document Request nos. 7 and 8.

6.      On December 19, 2017, during the process of preparing this joint status report, Petitioner's counsel brought this issue to the attention of counsel for the Government. Respondents' counsel is currently working with the Department of Defense to determine why the document was marked classified; measures for potentially resolving this issue such that counsel can use appropriately marked, unclassified work product with their client; and the proper process for challenging the PRT's determination if the parties cannot informally resolve the issue.. Pending resolution, petitioner's counsel is unable to spare the resources that would be involved in replicating the work that went into creating the work product and traveling to Guantánamo again and risk receiving the same PRT determination.

7.      The parties' counsel will continue to attempt to resolve this issue through the appropriate administrative channels before initiating any motions practice.  Accordingly, the parties propose to file a status report on February 1, 2018, in which they will apprise the Court of the progress made 1) resolving the classification issue related to counsel's work product; and 2) clarifying the procedures for preparing and obtaining PRT review of unclassified attorney work product for use during legal visits with Petitioner.

8.      In light of the above, the parties also respectfully request the Court to adjourn the status conference currently scheduled for January 5, 2018 and to reschedule as the Court sees fit based on the circumstances reported in the next status report.


Dated:  December 21, 2017

Respectfully submitted,

/s/ Tara J. Plochocki
**LEWIS BAACH KAUFMANN**
**MIDDLEMISS PLLC**
Eric L. Lewis (D.C. Bar #394643)
Tara J. Plochocki (D.C. Bar #989404)
1899 Pennsylvania Avenue, NW, Suite 600
Washington, DC 20006
(202) 833-8900
eric.lewis@lbkm.com
tara.plochocki@lbkm.com

**REPRIEVE**
Shelby Sullivan-Bennis (NY Bar #5364278)
P.O. Box 72054
London EC3P 3BZ
United Kingdom
011 44 207 553 8140
shelby.sullivan-bennis@reprieve.org
(646) 757-4747
(612) 872-4967 (FAX)

*Counsel for Petitioner*

CHAD A. READLER
Principal Deputy Assistant Attorney General

TERRY M. HENRY
Assistant Branch Director

*/s/ Kathryn C. Davis*
JULIA A. BERMAN (DC Bar # 986228)
KATHRYN C. DAVIS (DC Bar # 985055)
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, D.C.  20530
Tel:     (202) 616-8298
Fax:     (202) 616-8460
Email: Kathryn.C.Davis@usdoj.gov

*Counsel for Respondents*