333UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Filed with the Classified
Information Security Officer
CISO _____
Date 10/19/2021

| | |
|---|---|
| ASADULLAH HAROON GUL, | ) |
| Petitioner, | ) |
| v. | ) Case No. 16-cv-01462 (APM) |
| JOSEPH R. BIDEN, JR. et al., | ) |
| Respondents. | ) |

## ORDER

Respondents have moved *ex parte* to be relieved from their obligation to disclose certain potentially exculpatory evidence to Petitioner Asadullah Haroon Gul and have submitted nine documents for the court's *in camera* review. Although the court has not formally entered the Amended Case Management Order developed by Judge Hogan, the court and the parties have generally assumed the discovery obligations described therein. As relevant here, the Amended Case Management Order requires Respondents to disclose to Gul all reasonably available exculpatory information. *In re Guantanamo Bay Detainee Litig.*, No. 08-mc-442 (TFH), 2008 WL 4858241, at *1 (D.D.C. Nov. 6, 2008). Respondents may, however, seek an exception from disclosing certain classified exculpatory information in the interest of national security. *Id.* at *2 ("If the government objects to providing the petitioner's counsel with the classified information on the basis that, in the interest of national security, the information should not be disclosed, the government shall move for an exception to disclosure . . . ."). Respondents here have sought an exception from disclosing portions of nine documents in the interest of national security, *see* Resp'ts' *Ex Parte* Mot. for Exception from Disclosure at 6, and have produced unredacted copies of those nine documents for the court's *in camera* review, *see In re Guantanamo Bay*

*Detainee Litig.*, 2008 WL 4858241, at *2 (requiring government to submit information for which it seeks an exception to disclosure "in camera" to the court).

Having considered Respondents' submission and reviewed the nine submitted documents *in camera*, the court grants Respondents' motion.

## I.

The court's review of Respondents' motion is governed by *Al Odah v. United States*, 559 F.3d 539 (D.C. Cir. 2009). There, the D.C. Circuit explained that, in a habeas proceeding, a court's determination of whether to compel the disclosure of classified information turns on whether the information is necessary to the court's ability "'to conduct a meaningful review of both the cause for detention and the Executive's power to detain.'" *Id.* at 545 (quoting *Boumediene v. Bush*, 553 U.S. 723, 783 (2008)). Recognizing the national security concerns implicated by the disclosure of classified information, *Al Odah* instructed that the court must make three findings before ordering Respondents to disclose sensitive classified information to cleared counsel: First, the information must be "both relevant and material—in the sense that it is at least helpful to the petitioner's habeas case." *Id.* at 544 (emphasis omitted). Notably, this does not require the information to be exculpatory. Rather, "[i]nformation that is exculpatory, that undermines the reliability of other purportedly inculpatory evidence, or that names potential witnesses capable of providing material evidence may all be material." *Id.* at 546. The court must "make the materiality determination itself." *Id.* at 545. Second, for disclosure to be appropriate, "access by petitioner's counsel" must be "necessary to facilitate" the court's meaningful review of the habeas petition. *Id.* Third and finally, "the court must determine that alternatives to disclosure would not effectively substitute for unredacted access." *Id.* at 547.

## II.

Pursuant to *Al Odah*, the court has reviewed *in camera* each of the nine documents that Respondents have sought to exempt from disclosure. These documents fall into two categories, and the court considers each category separately.

With respect to the first five documents, *see* Resp'ts' Mot. at 17–32, the court is satisfied that Respondents have provided adequate information to Gul's counsel for the court to meaningfully review Gul's habeas petition. For each of these documents, Respondents provided a classified substitute informing Gul's counsel that the five documents all came from the same source. This allowed Gul's counsel to evaluate the internal consistency of the source's statements, and counsel could further check the veracity of the statements against corroborating statements from other sources in the record. Further, the redacted information in the documents is only marginally relevant to the merits of Gul's habeas petition, and, particularly as the court is now privy to the unredacted versions of the documents, it is not "necessary" for petitioner's counsel to access these documents "to facilitate" the court's review. *See Al-Odah*, 559 F.3d at 545. To the limited extent the information contained in the first five documents is relevant to the court's determination of Gul's habeas petition, the court can easily synthesize that information for itself.

Respondents' nondisclosure of the last four documents, *see* Resp'ts' Mot. at 36–59, is a closer call. The information contained in these documents is plainly material because it "undermines the reliability of other purportedly inculpatory evidence." *Al-Odah*, 559 F.3d at 546. Moreover, it is possible that providing Gul's counsel with the information would facilitate the court's review of Gul's petition, in part because Gul's counsel has affirmatively relied on statements that are similar to those redacted in these documents. *See id.* at 545. Nonetheless, the court ultimately concludes that disclosure is not necessary for meaningful review for three reasons.

First, the information that is redacted is particularly sensitive. While this is not independently a basis for withholding information that Gul needs to obtain meaningful review, it does compel the court to carefully consider the adequacy of alternative means of conveying the requisite information. Here, one alternative means of conveying the requisite information is for Respondents to submit that information to the court *in camera* so that the court can itself appropriately discount the "purportedly inculpatory evidence," *id.* at 546, that the undisclosed information affects. Second, the material information contained in these documents has been conveyed to Gul's counsel via other, less sensitive disclosures—that is, the material information contained in the last four documents would not be news to Gul's counsel because similar information has been made available to them via other disclosures. Third, to the extent the material information in these documents undermines the reliability of Respondents' evidence, that material information pertains to evidence on which Respondents have not placed great emphasis or heavily relied. The court therefore can disregard or appropriately weigh the impacted evidence without boxing Gul's counsel out of meaningful issues. At bottom, the court finds that alternative means of conveying the material information in the last four documents sufficiently safeguard Gul's right to meaningful review of his habeas petition. Disclosure is therefore not required.

### III.

For the foregoing reasons, Respondents' *Ex Parte* Motion for Exception from Disclosure, is granted.

Date: October 18, 2021

                                                                    Amit P. Mehta
                                        United States District Court Judge